114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cynthia MYERS, as an individual and as Guardian Ad Litem for
Does 1 and 2, Plaintiff-Appellant,
v.
COUNTY OF VENTURA; Ventura County Public Social Services
Agency, Defendants,
and
Barbara Tillotson, individually and as an employee of
Ventura County Public Social Services Agency,
Defendant-Appellee.
 No. 96-55123.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1997.
Decided May 22, 1997.
 
 Before: MAGILL,* RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cynthia Myers (guardian ad litem for Does 1 and 2)[1] appeals a number of pre- and post-trial rulings by the district court in her action under 42 U.S.C. § 1983 arising out of the warrantless removal from school of two sisters following reports that their brother had sexually molested one of them. We lack jurisdiction to review the district court's April 17, 1996 order denying Myers's post-trial motion for judgment as a matter of law, see Fed.R.App.P. 4(a)(4), but on all other claims we have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Myers contends that the district court should not have granted summary judgment on her claim against the county, but we disagree. There is no evidence that the Ventura County Public Social Services Agency had a policy, custom or practice of refraining from obtaining a search or arrest warrant or other judicial order when a child was taken into custody absent exigent circumstances, or that it refrained from adopting any policy regarding obtaining a warrant or court order absent exigent circumstances. Standing's testimony that PSSA did not have a "policy" because it follows the Welf. & Inst. Code does not suffice; it is simply a statement that PSSA follows the law. Therefore, the district court correctly ruled that there is no liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).
 
 II
 
 4
 Myers contends that the district court erred in granting summary judgment to Tillotson on her supplemental state law claim for a violation of Cal.Welf. & Inst.Code § 306(a)(2). However, that issue was not raised in the district court and is waived. Beech Aircraft Corp. v. United States, 51 F.3d 834, 841 (9th Cir.1995); see United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). Myers's complaint alleged a violation of Cal.Welf. & Inst.Code § 308, but she has abandoned that issue by making no argument with respect to it on appeal. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).
 
 III
 
 5
 Myers argues that the district court gave erroneous jury instructions on qualified immunity. Whatever error there may have been is harmless, however, because the court itself decided that Tillotson was entitled to qualified immunity in accordance with Act Up!/Portland v. Bagley, 988 F.2d 868 (9th Cir.1993).
 
 IV
 
 6
 Myers argues that Tillotson was performing a "ministerial duty" that precludes her from asserting qualified immunity. We do not consider whether this is so, as Myers did not argue that the ministerial duty exception to qualified immunity applied to Tillotson until her December 18, 1995, post-trial motion for judgment as a matter of law under Fed.R.Civ.P. 50(b). The district court denied that motion April 17, but Myers did not amend her notice of appeal from the judgment (timely filed January 5, 1996) to include that ruling. We therefore lack jurisdiction to consider it. Fed.R.App.P. 4(a)(4).
 
 V
 
 7
 Finally, Myers argues that the district court should not have granted qualified immunity to Tillotson because the law was clearly established that a social worker could not remove a child from school without a warrant or emergency circumstances; the "following orders" defense does not excuse Tillotson's conduct in light of her subjective belief that there were no exigent circumstances; and no reasonable social worker, objectively, could believe that exigent circumstances existed to justify a warrantless removal. We disagree.
 
 
 8
 "[T]he relevant question in the present case is whether a reasonable social worker could have believed that taking [the daughters] and holding [them] in temporary protective custody was lawful 'in light of clearly established law and the information' the social workers' [sic] possessed." Baker v. Racansky, 887 F.2d 183, 187 (9th Cir.1989). Tillotson's subjective belief as to whether there were, or were not, exigent circumstances does not govern the qualified immunity inquiry. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 9
 As Myers argues, it was clearly established that parents have a liberty interest in keeping families intact, and that children should not be taken into custody without a court order and absent exigent or "emergency" circumstances. See Caldwell v. LeFaver, 928 F.2d 331, 333 (1991). But this interest is not absolute; rather, "[i]n an emergency situation, a state agency may remove children from their parents' custody when the children are subject to immediate or apparent danger or harm." Id. Tillotson suggests that the fact that a child who has been sexually abused may be subject to silencing, but we think this alone, without "immediate or apparent danger or harm" of sexual abuse, is not sufficient exigency. However, here as in Baker, we cannot say that the law was clearly established as to what did not constitute an emergency or an apparent danger in light of "the difficulties faced by social workers trying simultaneously to help preserve families and to protect vulnerable children from abuse." Baker, 887 F.2d at 187. Given uncertainty about the contours of emergency circumstances, a reasonable social worker could have believed there was apparent danger of sexual abuse to the sisters in view of the fact that one sister had repeatedly been molested by her brother, that the girls' mother appeared to discount the nature and severity of the brother's abusive behavior, that molestation persisted after Doe 2 told her mother that her brother did "icky things" to her involving her "privates," and that the temporary arrangement for housing the brother was problematic in light of the stepfather's work schedule.
 
 
 10
 Our conclusion that Tillotson was entitled to qualified immunity, as the district court found, has nothing to do with a "following orders" defense, and so we do not consider its possible relevance to this case.
 
 
 11
 AFFIRMED.
 
 
 12
 THOMAS, Circuit Judge, concurring in part and dissenting in part:
 
 
 13
 I concur with all of the majority's excellent analysis except Part V, from which I respectfully dissent. I would deny qualified immunity to social worker Barbara Tillotson because no emergency circumstance existed which justified a warrantless seizure of the children.
 
 
 14
 A parent has a constitutionally protected interest in the custody and care of his or her children. Santosky v. Kramer, 455 U.S. 745, 753 (1982). At the time of this incident, the law was clearly established that a state agency may remove children from their parents' custody without a warrant only in an emergency situation when the children are subject to immediate or apparent danger or harm. Caldwell v. LaFaver, 928 F.2d 331, 333 (9th Cir.1991).
 
 
 15
 Defense counsel virtually concedes there was no emergency in this case. Cynthia Myers, the mother of the children, sought help from the proper authorities because she was concerned her son was molesting her daughter. Myers and Tillotson agreed that the legally blind son would be removed from the home. Tillotson interviewed the son, who admitted the offense and asked for help. Days passed before the case was considered by the PSSA committee who ordered Tillotson to seize the children. When the decision was made, there was no evidence of imminent physical danger or molestation because the son had been removed from the home. Indeed, although it is not germane to our inquiry, Tillotson herself did not believe an emergency existed.
 
 
 16
 Under these circumstances, I cannot conclude that a reasonable social worker, taking into consideration the facts known at the time, would have believed that an emergency situation existed justifying the warrantless appropriation of the children. Plainly put, the County had sufficient time to obtain a warrant and should have done so.
 
 
 17
 The primary exigency offered by defense counsel at oral argument was the "silencing" effect that may occur when children remain in a dysfunctional environment. While there is little doubt that this may occur, "silencing" is not type of immediate physical danger contemplated by case law or statute which would justify a warrantless removal of the children. See, e.g., Cal.Welf. & Inst.Code § 306. Further, this justification has little bearing here because the mother had proactively sought assistance and the children had provided cooperating interviews.
 
 
 18
 All that being said, I believe the majority has reached an equitable result in finding Tillotson entitled to qualified immunity. Tillotson's initial actions demonstrated appropriate consideration. She took the children into custody not on her own initiative, but on the direct orders of her superiors who have legal defenses. Post facto information tended to support the committee's conclusions. These factors made Tillotson's liability at trial, sans qualified immunity, problematic.
 
 
 19
 However, such divination is not within our province. Thus, on the legal question presented, I would decline to grant qualified immunity and remand for further proceedings. I would affirm in all other respects.
 
 
 
 *
 Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Doe 1" and "Doe 2" have been substituted for the names of the minor children